### Frank Froer et al. v. Mrs. Mary Holland et al.

1. STATUTE OF LIMITATIONS—*Evidence Admissible Where it is Specially Pleaded and Relied Upon.*—In an action for damages caused by operating a coal mine, under the issue presented by the declaration, pleas of the statute of limitations and the replication thereto, it is only evidence of such wrongful acts as the defendants had committed within the five years next before the suit was commenced, and of which the plaintiffs complained in their declaration, that is admissible.

**Trespass on the Case.**—Damages caused by operating a coal mine. Appeal from the Circuit Court of Christian County; the Hon. SAMUEL L. DWIGHT, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded. Opinion filed November 1, 1902.

J. C. McQUIGG and J. C. & W. B. McBRIDE, attorneys for appellants.

DRENNAN & ANDERSON, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court. This was an action on the case brought in the Circuit

Court of Christian County, on November 15, 1900, by the appellees, Mary Holland, Josie G. Shea, Nellie T. Shea and Kate F. Honburg, against the appellants, Frank Froer, D. H. Harts, Emma Harts and Julius Broehl, to recover damages to certain lots alleged to belong to them and situated in the city of Pana in said county, which damages are alleged to have been occasioned by the wrongful acts of the appellants in operating their coal mine, which is situated near to and in front of said lots.

The case was tried by jury and resulted in a verdict and judgment in favor of the appellees for $100.

The appellants moved for a new trial, which being denied, they excepted, bring the case to this court by appeal, and to effect a reversal of the judgment, argue that the court admitted improper evidence, gave improper instructions, refused proper instructions, and that the verdict and judgment are not supported by the evidence.

The declaration charged that one Michael Shea, in his lifetime and up to the time of his death, in 1867, was the owner in fee and possessed of lots 9 and 10, block 2, in North Pana, Illinois; that he died intestate, leaving Ellen Shea, his widow (who afterward intermarried with one Michael Cummins), and the plaintiffs in this case, his children and only heirs at law; that he, before and at the time of his death, resided upon said lots with his said wife and children, and she, at his death, became entitled to an estate of homestead therein, and continued to reside thereon until her death, on or about July 18, 1900; that said lots, before the grievances hereafter alleged to have been committed by the appellants, were well improved with buildings on each, which were of great intrinsic and rental value; that the soil of said lots was well drained and fertile; that the said lots were much higher than the ground to the south of them, and the natural drainage from them was to the south into a natural slough or pond; that the defendants, in 1880, and while said Ellen was in possession of said lots, sunk a coal pit upon premises in front of and adjacent to them, threw up an embankment or mound around the pit, erected

a tower, chutes and other structures upon said mound and around said pit for the purpose of hoisting and shipping coal out of the coal mine connected with the pit; and from thence hitherto, the defendants have operated the coal mine through the pit, and hoisted and shipped therefrom great quantities of coal, slack and other materials, thereby causing great jarring and shaking of the buildings on said lots, and also causing great noises which disturbed and interfered with the plaintiffs in the use and enjoyment of said lots; that the defendants threw into said buildings and upon said premises, dirt, cinders, ashes, smoke, acid, salty and oily water, slack, noisome vapors and other offensive odors; and by means of said embankment or mound, and the structures upon the same, the defendants have prevented the water which falls upon the ground adjacent to said lots, from flowing and passing away into a natural slough or pond which is servient to them, and caused such water to flow into the said lots and stand and become stagnant there; and that the defendants have hoisted from said coal pit, great quantities of salty, alkali, acid and oily water and dumped the same upon said mound or embankment so that it flows therefrom onto said lots and into the wells and under the buildings thereon, thereby causing the same to become utterly useless and entirely preventing the plaintiff from the 'use and enjoyment thereof without hinderance, and depreciating the intrinsic and rental value thereof, and almost destroying the same, to the damage of the plaintiffs of $5,000.

The defendants pleaded first, "not guilty," and second, five years statute of limitations, and issue was joined on the first plea and a replication was interposed to the second that the several grievances in plaintiffs' declaration mentioned, were committed within five years next before the commencement of this suit and issue was joined on such replication.

The evidence shows that Michael Shea died intestate in July, 1867; that he owned in fee and was in possession of the said lots before and at the time he died; that at the

time he died he was occupying said lot 10 with his said
wife and children as a homestead, and left surviving him
Ellen Shea, his widow, and Mary Holland, Kate F. Hon-
burg, Josie G. Shea, Nellie T. Shea and Bridgie Shea, his
children and only heirs at law; that said Bridgie Shea died
intestate and without ever having had a husband or child;
that said Ellen Shea continued to live on said lot 10 and to
possess it and also said lot 9 until she died intestate on July
18, 1900, leaving the plaintiffs in this case and one John
Cummins (a son by her second husband) as her children and
only heirs at law Her surviving.

In 1880 a coal shaft was sunk and a coal mine opened by
some of the defendants and one other person as partners,
upon premises immediately south of the two lots in ques-
tion in this case and within 175 feet of the south line there-
of, and they operated a coal mine there as such copartners
until 1891, when the defendants, as copartners, began
operating it and continued to do so until July 1, 1897,
when "The Pana Coal Company" was incorporated, and
since that date said coal mine has been owned and operated
by that company and not by the defendants. On the trial
the court permitted the plaintiffs to introduce testimony to
the effect that those operating the said coal mine caused
slack, surface water, coal, smoke, dust, acid water, alkali
water, and salt water to be thrown upon the lots in ques-
tion at various times, continuously from 1880 to the time
this suit was commenced, and defendants objected to all
such testimony except such as tended to show such acts
within *five years* before this suit was commenced, but the
court overruled the objection and the defendants excepted.

At the close of the evidence the defendants moved the
court to exclude from the consideration of the jury all
testimony of any wrongful acts which caused damage to
said lots for any time prior to five years before this suit
was commenced, but the court denied the motion and the
defendants excepted; and the defendants prepared a writ-
ten instruction to the effect that the jury should not con-
sider any of the testimony as to any wrongful acts commit-

ted on their part for any time more than five years prior to the commencement of this suit, and requested the court to give it to the jury, but the court refused so to do, and they excepted.

It is contended that all of said rulings of the court were improper for the reason that under the issue presented by the declaration pleas of the statute of limitations and the replication thereto, it was only such wrongful acts as the defendants had committed within the five years next before this suit was commenced and of which the plaintiffs complained in their declaration that were involved, and in that view we must concur.

It is also contended that the verdict and judgment are not supported by the averment of the declaration that the plaintiffs were the only heirs at law of their father; or the evidence, which showed that they were not the only owners of the lots, as they were not the only heirs at law of their father, for he left another child (Bridgie Shea) who died before this suit was commenced, and her portion of said lots descended to her mother and her sisters, and at the death of her mother, the mother's share descended to the plaintiffs and John Cummins, her son by her second husband. And in that view we must also concur, for the plaintiffs, under the averments of their declaration, undertook to show that they were the only heirs at law of their father, while the proofs showed that there was another heir, a portion of whose interest in the lots was owned at the time this suit was commenced, by John Cummins.

And the evidence further shows that whatever damages have been caused to said lots since July 1, 1897, by reason of the wrongful acts committed, if any, and of which complaint is made in the declaration, were committed by the Pana Coal Company and not by the defendants.

The damages assessed by the jury under the erroneous rulings of the court indicated, doubtless embraced largely wrongs committed by another than the defendants, and for which they were not responsible; and also for wrongs committed which were barred by the statute of limita-

tions, which was specially pleaded and relied upon, and therefore the judgment based on such will be reversed and the cause remanded to the Circuit Court for such further proceedings as to law and justice appertain, and which are not in conflict with the view herein expressed.